```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

ARTHREX, INC., a Delaware Corporation,
and ALLOGRAFT TISSUE SYSTEMS, INC.,
f/k/a ARTHREX TISSUE SYSTEMS, INC.,
a Delaware Corporation,

                            Plaintiffs,

vs.                              Case No. 2:05-cv-121-FtM-33DNF

ORTHOGEN AKTIENGSELLSCHAFT, a German
Corporation,
                            Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Plaintiffs' Motion for Reconsideration (Doc. # 30), filed on May 24, 2006. Defendant filed a response in opposition to Plaintiffs' motion for reconsideration on May 30, 2006 (Doc. # 31). In addition, on May 30, 2006, Defendant filed a Motion to Strike the "Expert Declaration" of Professor Christoph Ann (Doc. # 32). The Declaration of Professor Ann was filed by Plaintiffs as an exhibit to Plaintiffs' motion for reconsideration (Doc. # 30-2). Plaintiffs filed a Response in Opposition to Defendant's Motion to Strike on June 9, 2006 (Doc. # 34).

For the reasons stated herein, Plaintiffs' motion for reconsideration is denied and Defendant's motion to strike is denied.

**Legal Standard**

As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308.  Further, as explained in <u>Ludwig v. Liberty Mutual Fire Ins. Co.</u>, Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." <u>Id.</u> at 9-10.  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Id.</u> at 11. (citation omitted).

A trial court's denial of a motion for reconsideration is reviewed for an abuse of discretion. O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992).

**Background**

On May 10, 2006, this Court granted Defendant's motion to dismiss Plaintiffs' case pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. (Doc. # 29). The Court found that the action should be litigated in Germany, rather than in the Middle District of Florida, pursuant to the terms of a mandatory forum selection clause contained in the Exclusive Distribution Agreement referenced in Plaintiffs' complaint.

Plaintiffs seek an order reconsidering the May 10, 2006 Order, pursuant to Federal Rule of Civil Procedure 59(e), and Plaintiffs assert the following arguments in the motion for reconsideration:

> (a) Orthogen AG - which did not sign the Agreement - cannot invoke the German forum selection clause contained therein against Arthrex, which also did not sign the Agreement; (b) Orthogen AG cannot invoke the rights of its subsidiary company; (c) the claims in this suit involve a separate contract and separate business dealings between the parties; and (d) Arthrex cannot assert claims in a German Court.

(Doc. # 30-1 at 2).

**Declaration of Professor Ann**

Plaintiffs have filed the "expert declaration" of a German professor: Dr. Christoph Ann, LL.M., in support of Plaintiffs' motion for reconsideration. As stated in Plaintiffs' response to Defendant's motion to strike Dr. Ann's declaration, "Here, Arthrex

3

has submitted the Declaration for a very limited purpose–namely, to assist the Court in understanding that, under German law, Arthrex would not be able to bring suit in the Munich district court for Counts II through V of the Complaint." (Doc. # 34 at 4).

The declaration contains a discussion of German forum selection clause law. According to Plaintiffs, the declaration constitutes "new evidence" for purposes of the motion for reconsideration. The declaration, as summarized by Plaintiffs, indicates that Arthrex would not have standing to bring some of its claims in the German Court and that the German Court would not enforce the forum selection clause in the manner that this Court construed it.

Defendant seeks an order striking the declaration. This Court denies the motion to strike because, pursuant to Federal Rule of Civil Procedure 44.1, the Court may consider any source it desires to consider when evaluating foreign law. Federal Rule of Civil Procedure 44.1 states:

> A party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or other reasonable written notice. The court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under Federal Rules of Evidence. The court's determination shall be treated as a ruling on a question of law.

Arthrex indicates that reconsideration is necessary to prevent manifest injustice, because Arthrex may be barred from bringing certain claims against Defendant in the German court. A forum

4

selection clause will be found "unreasonable under the circumstances" and unenforceable if the fundamental unfairness of the chosen law would deprive the plaintiff of his day in Court. Stewart Org., Inc. v. Ricoh Corp., 779 F.2d 643, 649 (11th Cir. 1986). Plaintiffs argue, "unless Arthrex were allowed to move forward with Counts II through V in this Court, it would be deprived of any remedy for the EOT/IRAP Contract." (Doc. # 30-1 at 8).

Professor Ann's declaration, however, does not clearly indicate that Plaintiffs will be barred from bringing their claims in the German court. Professor Ann's declaration states:

> In Sec. 10.6 of the Agreement German corporations ORTHOGEN INTERNATIONAL GmbH and Arthrex Bio Systems GmbH have concluded a forum selection clause. This clause is valid, but it is binding only with respect to the parties to the Agreement. The clause does not bind any other parties, notably the Plaintiffs or the Defendant, neither directly nor indirectly, e.g. be [sic] means of agency. Plaintiffs therefore are not barred under German law from brining suit against Defendant before any court other than the Munich District Court. Instead, Plaintiffs are free to chose from any fora available to them.

(Doc. # 30-2 at 13).

In addition, Professor Ann's declaration states, "I have received and reviewed only the following documents: the exclusive distribution agreement between Orthogen International . . . and Arthrex Bio Systems . . . executed on October 1, 2001 . . .; the Order of the Court dated May 10, 2006 . . . (Doc. # 30-2 at 4).

5

The Court finds that Professor Ann did not review the complaint which is the subject of the dispute, and this detracts from the reliability of Professor Ann's declaration.

The Court is not persuaded by Plaintiffs' argument that they will be precluded from brining their claims against Defendant in Germany.  In addition, even if this argument did have some merit, Plaintiffs asserts this new argument too late.  Plaintiffs' response to the Rule 12(b)(3) motion to dismiss did not argue that Plaintiffs would be deprived of a forum to hear their claims.  <u>O'Neal</u>, 958 F.2d at 1047 (motions under Rule 59(e) should not be used "to raise new arguments which could, and should, have been made before the judgment was issued."); <u>Lussier v. Dugger</u>, 904 F.2d 661, 667 (11th Cir. 1990)("After a judgment has been entered, the interest in finality may be deemed compelling . . . . A district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation.")(internal citations omitted).

Plaintiffs submit that the expert declaration is "new evidence" that justifies reconsideration of the Court's order dismissing this case.  However, as correctly argued by Defendant, Professor Ann's declaration is not "new evidence."  Plaintiffs have not demonstrated that the declaration was previously unavailable.  <u>Medley v. Westpoint Stevens, Inc.</u>, 162 F.R.D. 697,

699 (M.D. Ala. 1995)(a litigant seeking reconsideration of a judicial ruling cannot belatedly offer new evidence that was available earlier in the litigation); <u>Prieto v. Storer Commc'ns, Inc.</u>, 152 F.R.D. 654, 655 (M.D. Fla. 1994)(evidence available to a party during the pendency of a motion may not later be introduced on a motion for reconsideration).

Plaintiffs admit in their response to Defendant's motion to strike that "Arthrex did not raise earlier the issue of the enforcement of the forum selection clause under German law because, quite frankly, it had not foreseen that this Court would dismiss all counts based on that clause." (Doc. # 34 at 5).  As stated, because Plaintiffs did not assert this argument in response to the motion to dismiss, Plaintiffs waived the argument.  Professor Ann's declaration is not sufficient to warrant reconsideration of this matter.

### Conclusion

The Court has considered the motion for reconsideration and the declaration and declines to reconsider its determination that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3).  The new arguments and alleged new evidence are not proper bases for reconsideration.  The other arguments raised by Plaintiffs constitute no more than a reassertion of arguments previously considered by this Court.  The Court finds that the motion for reconsideration is an attempt at a second bite of the

apple and is therefore denied.

Accordingly, it is now

**ORDERED ADJUDGED and DECREED:**

(1) Plaintiffs' Motion for Reconsideration (Doc. # 30) is **DENIED**.

(2) Defendant's Motion to Strike the "Expert Declaration" of Christoph Ann (Doc. # 32) is **DENIED**.

**DONE** and **ORDERED** in Ft. Myers, Florida, this 29th day of June, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record